# MEMORANDUM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/12
```

TO:   HONORABLE Victor Marrero
      U.S. District Judge

FROM: **Arthur Penny, CHIEF**
      Pretrial Services Officer

RE: Wang, Yong
DOCKET #: 11-CR-614-11

The attached memorandum was prepared by Pretrial Services Officer
Jeffrey Thomas Steimel                                    (212) 805-4135
        Name                                              Phone Number
will present to Your Honor significant details about the Bail Conditions which were imposed on the above-name defendant.

We are requesting direction from the Court. Please initial the appropriate box(es) and return this form to us so that we may comply with your instructions.

[✓]   I have reviewed the information that you have supplied. I do not believe that this matter requires any action by the Court at this time.

[ ]   My chambers will inform all parties concerned that I will conduct a Bail Review Hearing in Courtroom # _____ on _____ at _____ .
                                   Date              Time

      So ordered: _Victor Marrero_____

[ ]   I request that a Bail Review Hearing be conducted by:

      [ ]   The presiding Magistrate Judge in courtroom # 5A.

      [ ]   The District Court Judge presiding in Part I.

      [ ]   _____
            Judicial Officer
      at his/her earliest convenience.

**JUDICIAL OFFICER QUALITY IMPROVEMENT COMMENTS**: This space is available for you to provide us with your thoughts or comments on the quality or content of this report. We are interested in knowing what we could have done differently or better to improve the value of this report to you. Thank you, Arthur Penny and Robert Trail, Chief and Deputy Chief U.S. Pretrial Services Officers.

_____
_____
_____

# U.S. Pretrial Services
## Southern District of New York
## MEMORANDUM

**DATE:** April 12, 2012

**TO:** Honorable Victor Marrero
U.S. District Court Judge

**FROM:** Jeffrey Thomas Steimel
U.S. Pretrial Services Officer

**SUBJECT:** Wang, Yong
11-CR-614-11
Violation of Release Conditions

The above-noted defendant appeared before the Honorable Gabriel W. Gorenstein on November 30, 2011 for his initial appearance on the following charge: Conspiracy to Transport, Harbor and Induce the Entry of Illegal Aliens. Mr. Wang was released on a $150,000 personal recognizance bond secured by $10,000 cash/property and cosigned by three financially responsible people. Additional conditions included: 1) strict Pretrial Services supervision, 2) travel restrictions to the Southern and Eastern Districts of New York and 3) surrender all travel documentation and no new applications.

The defendant is awaiting trial before Your Honor and he is scheduled to appear before the Court again on June 15, 2012 at 9:00am for a pretrial conference.

We are writing to advise Your Honor that the defendant has violated his release conditions. Specifically, the defendant was arrested by the NYPD on April 4, 20012 and charged with Criminal Obstruction of Breathing or Blood (misdemeanor) and Harassment -2nd degree: Physical Contact (violation). According to the New York State Courts' database, the defendant appeared before Judge J. Zoll in Queens Criminal Court Part APAR1/3 on April 5, 2012 and was released on his own recognizance. The defendant's next court appearance is scheduled for May 8, 2012 in Part AP2. According to the database, the defendant's current charges in that matter are Assault with Intent to Cause Physical Injury (misdemeanor) and Harassment- 2nd- Physical Contact (violation).

Attached is the criminal complaint for Your Honor's review. It is the defendant's contention that he thought that the other party was a potential mugger and he attempted to physically escort the person out of the building. He informed Pretrial Services that he eventually called the police

in order to deal with the situation. He indicated that he was not arrested at that time but the police came back later that day and arrested him.

On April 9, 2012, Pretrial Services notified AUSA Michael Ferrara of the above-noted charges and he subsequently advised that they are not seeking remand at this time but that position may change depending on the disposition of the Queens case. The defendant's attorney, Barry Agulnick, stated that he was aware of the arrest and is representing him in the local matter as well.

Pretrial Services is providing this memorandum to the Court for informational purposes only and we are not requesting that any action be taken. If Your Honor has any questions, please feel free to contact me at extension 4135.

Reviewed by,

_____
Scott Kowal, Supervising
U.S. Pretrial Services Officer

Respectfully Submitted,

Arthur Penny, Chief
U.S. Pretrial Services Officer

_____
Jeffrey Thomas Steimel
U.S. Pretrial Services Officer

CC: Michael Ferrara, AUSA
    Barry W. Agulnick, Atty

Q12620430

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

| THE PEOPLE OF THE STATE OF NEW YORK | STATE OF NEW YORK COUNTY OF QUEENS |
|---|---|
| V. | |
| YONG H WANG (36Y) DEFENDANT | 2012QN018963 |

POLICE OFFICER TERRENCE TRINGONE OF 109TH PRECINCT, TAX REG#: 947554, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT APRIL 4 2012 BETWEEN 8:15AM AND 11:13AM, IN FRONT OF 35-06 LEAVITT STREET, COUNTY OF QUEENS, STATE OF NEW YORK

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 120.00-1 ASSAULT IN THE THIRD DEGREE - DNA SAMPLE REQUIRED UPON CONVICTION
PL 240.26-1 HARASSMENT IN THE SECOND DEGREE

IN THAT THE DEFENDANT DID: WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR A THIRD PERSON;WITH THE INTENT TO HARASS,ANNOY,OR ALARM ANOTHER PERSON, THE DEFENDANT(S) DID STRIKE,SHOVE,KICK,OR SUBJECTED ANOTHER PERSON TO PHYSICAL CONTACT,OR ATTEMPTED OR THREATENED TO DO THE SAME.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, JOHN DEROUVIAN, THAT ON THE ABOVE MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE, THE DEFENDANT, YONG H WANG, STATED TO HIM IN SUM AND SUBSTANCE, GET THE FUCK OUT OF HERE, YOU DON'T FUCKING LIVE HERE, I'M GOING TO FUCKING HURT YOU.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT THE DEFENDANT ALSO PUSHED HIM, GRABBED HIM BY THE NECK, AND THREW HIM TO THE GROUND.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT THE ABOVE MENTIONED ACTIONS OF THE DEFENDANT CAUSED HIM SUBSTANTIAL PAIN, ANNOYANCE, AND ALARM.